# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**HEALTHONE, INC. and BURNS MCFARLAND**                                       **PLAINTIFFS**

**VERSUS**                                    **CIVIL ACTION NO. 2:18-cv-145-KS-MTP**

**FORREST GENERAL HOSPITAL**                                                   **DEFENDANT**

## ORDER DENYING MOTION TO STRIKE PLAINTIFFS' EXPERTS AND GRANTING ADDITIONAL TIME TO DESIGNATE EXPERTS

THIS MATTER is before the Court on Defendant's Motion [51] to Strike Plaintiffs' Expert Designation or Alternatively for Additional Time to Designate Experts. Having carefully considered the parties' submissions and the applicable law, the Court finds that the Motion [51] should be granted in part and denied in part.

Plaintiffs filed this matter on January 31, 2018 alleging copyright infringement, breach of contract, unfair competition, unjust enrichment, and misappropriate of trade secrets. Comp. [1]. A Case Management Order was entered on May 21, 2018 setting case deadlines. Order [15]. On November 1, 2018, the Court entered an Amended Case Management Order setting the trial date for October 7, 2019 and extending the following deadlines: (1) Plaintiffs' expert designation deadline to February 1, 2019; (2) Defendant's expert designation deadline to March 1, 2019; and (3) discovery deadline to May 1, 2019; and (4) the motions deadline to May 15, 2019. Order [39].

On January 28, 2019, Plaintiffs served their expert designations. Notice [43]. Plaintiffs identified Joseph E. Hines, a CPA, and Alina Ng, professor of law at Mississippi College School of Law, as experts to support their case. Defendant now moves to strike these expert designations because they were not accompanied by a report or documentation upon which the

experts' opinions were based. Alternatively, if the expert designations are not stricken, Defendant requests an extension of its deadline to designate experts.

Plaintiffs oppose the Motion [51] in so far as it seeks to strike Plaintiffs' expert designations. However, Plaintiffs do not oppose an extension of the deadlines. Plaintiffs assert that any shortcoming in their designation is the fault of Defendant because Defendant has allegedly not been forthcoming with discovery. It is Plaintiffs' position that Defendant is withholding documents necessary for Plaintiffs' experts to review before the experts can create their reports.

Defendant is correct that Plaintiffs' expert designations are deficient. An expert witness report must contain a statement of all opinions the witness will express and the basis for those opinions along with facts or data considered by the witness. Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Pursuant to the Local Rules, "[a] party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a)(2) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order… Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L.U. Civ. R. 26(a)(2).

The trial court is provided broad discretion to preserve the purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Courts determine whether to "exclude evidence that was not properly designated by considering the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id*. at 791.

As to the first factor, Plaintiffs argue they could not properly designate their experts because Defendant did not produce requested documents in discovery. The Court is cognizant that disputes occur during the discovery process, but it is incumbent upon the party seeking discovery to avail themselves of the discovery rules to obtain the information they need.

> Obviously, problems can arise and the Court should be reasonable in working with the attorneys when necessary. However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril. He must not expect the Court to extend discovery and/or the trial date because of the failures of the other party to respond, even if that failure is in bad faith.

*Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001). The Court gives little weight to Plaintiffs' explanation for failing to properly designate their experts, because it was Plaintiffs' responsibility to file any motion to compel for discovery they deemed necessary. This factor weighs in favor of striking the expert reports.

The second factor, the importance of the expert testimony, likely favors Plaintiffs, though it is not entirely clear. Plaintiffs asserts that the expert testimony will help establish liability and determine damages. However, it is unclear at this time what the experts would testify to or how that testimony would support Plaintiffs' claims because there is currently no report authored by the experts.

The third factor, prejudice to the opposing party if the testimony is allowed, favors Defendant. The deadline for Defendant to designate experts has run and it could not appropriately respond to Plaintiffs' deficient expert designations.

The fourth factor, the availability of a continuance to cure any prejudice, weighs in favor of Plaintiffs. A short continuance of the case management deadlines will remove any prejudice against Defendant. While the factors, analyzed above, do not overwhelmingly favor a

continuance to allow Plaintiffs to cure the deficiencies in their expert designations, the interest of justice are better served by determining a case on its merits. The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (citations and internal quotation omitted). Any potential prejudice to Defendant can be cured by allowing a continuance of the case management deadlines.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion [51] is DENIED IN PART as to the request to strike Plaintiffs' expert designations.

2. Defendant's Motion [51] is GRANTED IN PART as to the request for the extension of deadlines.

3. Plaintiffs are granted leave to amend their expert designations by March 29, 2019.

4. Defendant's expert designation deadline is extended to April 29, 2019.

5. The discovery deadline is extended to May 10, 2019.

6. The motions deadline is extended May 24, 2019.

7. All other deadlines will remain in place.

SO ORDERED, this the 18th day of March, 2019.

                                              s/Michael T. Parker
                                              United States Magistrate Judge